IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FELICIA HAMILTON                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 4:23-CV-46-SA-DAS

STATE OF MISSISSIPPI, CHARLES BROWN,
MARTHA B. BROWN, RURAL HOUSING SERVICE,
U.S. DEPARTMENT OF AGRICULTURE,
LONG LAND INVESTMENTS, INC.,
AND ALL OTHER PERSONS HAVING OR
CLAIMING A LEGAL OR EQUITABLE INTEREST
IN AND TO LOTS 4 & 5, NORTH OF HIGHWAY
BLOCK 4-FINDLEYS 1ST ADDITION, RULEVILLE
PB 1/24 ½ SUNFLOWER COUNTY, MISSISSIPPI                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

On June 20, 2022, Felicia Hamilton initiated this action by filing her Petition to Confirm

Tax Title and to Remove Clouds and Quiet Title [2] in the Chancery Court of Sunflower County,

Mississippi. The United States Department of Agriculture ("USDA") removed the action to this

Court on March 10, 2023. Before the Court is the USDA's Motion to Dismiss [6] pursuant to Rules

12(b)(1) and 12(b)(6). The Motion [6] has been fully briefed and is ripe for review.

*Relevant Factual and Procedural Background*

This action involves interests in real property located at 620 MLK in Ruleville, Sunflower

County, Mississippi, on which the USDA holds a lien in the amount of $39,778.00. The parties do

not dispute the facts described herein.

On or about January 28, 1988, Quick Construction Company, Inc. conveyed the subject

property to Charles and Martha B. Brown via Warranty Deed. On January 29, 1988, the Browns

executed and delivered a Deed of Trust unto Loren L. Whittington, as trustee, and the United

States, as beneficiary, acting through the Farmers Home Administration, United States Department

of Agriculture. The Deed of Trust secured an indebtedness of $39,100.00. The Warranty Deed and Deed of Trust were both recorded in the land deed records of Sunflower County.

On April 6, 2015, the Tax Collector of Sunflower County sold the property at public auction to foreclose on the County's lien for delinquent taxes for the year 2013. Long Land Investments, Inc. bought the property at the tax sale. On March 5, 2018, the Chancery Clerk of Sunflower County conveyed the property to Long Land Investments, Inc. and recorded the conveyance the same day.

On February 25, 2019, the trustee on the Deed of Trust substituted and appointed Stephens Millirons, P.C. as substitute trustee. At this point, the loan secured by the Deed of Trust was in default. Stephens Millirons, P.C. therefore began the foreclosure process. On May 1, 2019, Stephens Millirons, P.C. conveyed the property via Substitute Trustee's Deed to the Rural Housing Service, United States Department of Agriculture, after the USDA offered the highest bid at the public auction. The Substitute Trustee's Deed was recorded in the land deed records of Sunflower County on May 10, 2019.

On or about July 2, 2021, Long Land Investments, Inc. conveyed the property to Felicia Hamilton via Quitclaim Deed, which was recorded in the land deed records on July 6, 2021.

Hamilton then filed her state court Petition [2] on July 20, 2022. The Petition [2] requests confirmation of tax title, removal of clouds, quieting of title, possession of the property, and other general relief. [2] at p. 1. In the instant Motion [6], the USDA moves to dismiss Hamilton's claims against it because they are in part barred by sovereign immunity. The USDA asserts that the remainder of the claims should be dismissed pursuant to Rule 12(b)(6).[1]

---

[1] The USDA further asserts that if the Court grants its request to be dismissed, the Court will have dismissed all claims over which it has original jurisdiction and may remand the case to state court for the remainder of proceedings.

2

*Analysis and Discussion*

The parties agree that 28 U.S.C. § 2410 governs this action. In pertinent part, the statute

provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
>> (1) to quiet title to,
>>
>> (2) to foreclose a mortgage or other lien upon,
>>
>> (3) to partition,
>>
>> (4) to condemn, or
>>
>> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.
>
> . . .
>
> (c) A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale.

28 U.S.C. § 2410(a) and (c).

The USDA asserts that Section 2410 waives sovereign immunity in proceedings against

property in which the United States has an interest but that the waiver is strictly limited to the

terms of the statute. Therefore, according to the USDA, Hamilton's causes of action that are not

quiet title or foreclosure actions must be dismissed because Section 2410(a) does not include a

3

waiver for those actions. In particular, this would result in the dismissal of Hamilton's claims to confirm tax title and award possession and other general relief.

Under the USDA's theory, this leaves Hamilton's claim to remove clouds and quiet title as the only remaining claim.[2] The USDA asserts (and Hamilton does not dispute) that "the gravamen of Plaintiff's complaint is that the real estate was purchased at a tax sale which, under Mississippi law, foreclosed all existing liens on the property, including the liens of the United States." [7] at p. 8. Thus, Hamilton brought suit to remove the cloud of the government's lien which was allegedly extinguished when Sunflower County foreclosed on the property. The problem with this claim, according to the USDA, is that under Section 2410(c), a county tax sale cannot extinguish a lien of the United States.

As noted above, Section 2410(c) states that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek *judicial sale*." 28 U.S.C. § 2410(c) (emphasis added). Citing the factually analogous case of *Show Me State Premium Homes v. United States*, 2022 WL 970890, at *7 (E.D. Mo. Mar. 31, 2022), the USDA asserts that a judicial sale is defined as a sale "directed by judicial order, decree or judgment" and "conducted pursuant to court order or under court supervision." The USDA argues that Mississippi's county tax sale procedures do not satisfy the definition of a judicial sale. Therefore, because Section

---

[2] The USDA appears to construe Hamilton's request to both remove clouds and quiet title as one quiet title claim. Hamilton does not dispute this characterization. This distinction is relevant to whether Section 2410(a)(1)'s waiver of sovereign immunity as to quiet title actions encompasses a claim to remove clouds. This Court has previously held that Section 2410(a)(1)'s "quiet title" language extends to cloud removal disputes. *See Genesis Air, LLC v. United States*, 2012 WL 529885, *1 (N.D. Miss. Feb. 17, 2012) (construing request to remove cloud from title as a quiet title action brought under Section 2410(a)(1)); *see also Norman v. United States*, 962 F. Supp. 936, 938 (S.D. Miss. Dec. 4, 1996) (finding that quiet title actions include actions to remove clouds). Therefore, the Court also refers to the relief sought as a singular claim.

2410(c)'s judicial sale requirement was not met, the USDA's lien was not extinguished by the tax sale, and Hamilton has no plausible quiet title claim.

The USDA briefly makes several additional arguments related to Section 2410. First, the USDA asserts that, pursuant to the Supremacy Clause, federal law preempts state law that purportedly cancels federal liens via non-judicial, local tax sales. Second, while federal law expressly permits local taxing authorities to collect taxes on property in which the United States has an interest, that statutory authority does not allow for the summary execution and sale of the property—the United States' lien can only be extinguished by proceeding under Section 2410. Third, while the strict application of Section 2410 may cause public policy concerns regarding local taxing authorities' ability to conduct tax sales, the Court must follow what Congress has mandated by statute. And finally, the USDA alternatively argues that it should be dismissed and the tax sale should be subject to the government's lien because the Sunflower County Tax Collector did not provide the United States with notice, as required by Miss. Code Ann. § 27-43-5.

The *entire* substantive portion of Hamilton's response to the USDA's arguments is as follows:

> Plaintiff disagrees that the Chancery Court of Sunflower County lacked jurisdiction to hear this matter. Every aspect of this case was in Sunflower County, subject to the rules and statutory regulations applicable to the Chancery Clerk's office as well as the Tax Assessor/Collector's office.
>
> Plaintiff disagrees that all of Plaintiff's claims are barred. While Plaintiff concedes that the governing authority to quiet title with regards to property to which the United States has a lien, is 28 U.S. Code § 2410, Defendant is not absolved of its duty to pay taxes and prevent good faith citizens from purchasing property for taxes, making improvements and taking legal steps to clear title.

[12] at p. 1-2.

With respect to the first paragraph of Hamilton's Response [11], the Court assumes the statement related to jurisdiction is an objection to the removal of the case to this Court, rather than a response related to the USDA's argument on sovereign immunity. It seems as though such an argument would have been more appropriately raised in a motion to remand, which Hamilton did not file. The issue of removal is not relevant to the present Motion [6], and the Court sees no need to address it further.

This leaves only the second paragraph of Hamilton's Response [11], in which she concedes that Section 2410 governs this proceeding. However, despite simply indicating that she "disagrees" with the USDA's contentions, Hamilton does not respond to any of the USDA's arguments regarding the application of Section 2410.

The Court acknowledges that the USDA's arguments may be successful grounds for dismissal. However, the Court declines to reach the merits of the arguments where Hamilton has offered no substantive response. The Court finds Hamilton's concession regarding the application of Section 2410 and overall lack of response to be a concession to the USDA's arguments. This finding is consistent with extensive precedent from this Court, other district courts in this Circuit, and the Fifth Circuit. *See Estate of Pernell v. City of Columbus*, 2010 WL 1737638, at *5 (N.D. Miss. Apr. 28, 2010) ("Plaintiff failed to address Defendants' arguments regarding Plaintiff's [] claims or take issue in any fashion with Defendants' arguments and controlling legal authority cited regarding those claims. Thus, Plaintiffs have waived any such claims[.]"); *see also Coleman v. Marion Cnty.*, 2015 WL 5098524, at *11 (S.D. Miss. Aug. 31, 2015) (finding plaintiffs conceded claims where they offered no "substantive response" to the county's arguments); *Regions Bank v. Victory Pipeline, LLC*, 2021 WL 5053480, at *3 (S.D. Miss. Sept. 21, 2021) (same); *Goree v. City of Verona*, 2022 WL 3647279, at *2 (5th Cir. 2022) (per curiam) (affirming finding that plaintiff

abandoned her claim where her response did not defend her claim with factual allegations or legal arguments).[3] Consequently, Hamilton's claims against the USDA are DISMISSED.

This brings the Court to Hamilton's remaining claims against the other defendants. Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "In making its determination as to whether to exercise supplemental jurisdiction, 'the court is guided by the . . . statutory factors as well as the common law factors of judicial economy, convenience, fairness, and comity.'" *Robinson v. Webster Cnty., Miss.*, 2020 WL 1180422, at *11 (N.D. Miss. Mar. 11, 2020), *aff'd* 825 F. App'x 192 (5th Cir. 2020) (per curiam) (citing *Seals v. Mississippi*, 998 F.Supp.2d 509, 527 (N.D. Miss. 2014)). "In the Fifth Circuit, 'the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]'" *Id.* (quoting *Seals*, 998 F.Supp.2d at 527) (additional citations omitted).

---

[3] The Court notes that in the conclusion of her Response [11], Hamilton asserts that dismissal of her claim would oust her from her home and "result in Defendant being unjustly enriched." [12] at p. 2. Therefore, she asserts, "should this Court grant Defendant's Motion to Dismiss, Defendant should be required to make Plaintiff whole by reimbursing her for all reasonable expenditures and improvements." *Id*. Hamilton cites no legal authority in support of this request. What's more, Hamilton's Complaint [2] did not seek this relief and she has not moved for leave of court to amend her Complaint [2] and assert such a claim. A claim that is raised for the first time in a response is not properly before the Court. *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 925 (5th Cir. 2022) (quoting *Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021)) (additional citation omitted) ("It is true that '[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.'"). Accordingly, the Court will not consider the request.

Having found that the USDA must be dismissed from this action, the Court has dismissed the only claim over which it had original jurisdiction. Therefore, in accordance with the general rule in the Fifth Circuit, the Court declines to exercise supplemental jurisdiction over Hamilton's remaining state law claims.

*Conclusion*

For the reasons set forth above, the United States' Department of Agriculture's Motion to Dismiss [6] is hereby GRANTED. Hamilton's claims against the USDA are dismissed *with prejudice*.

This CASE is REMANDED to the Chancery Court of Sunflower County, Mississippi. The Clerk of Court is directed to take all steps necessary to accomplish this remand. This CASE is CLOSED.

SO ORDERED, this the 28th day of June, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE